**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4278**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LAMAR PRILLIMAN, a/k/a Block,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.
(1:06-cr-00297-RDB-1)

Submitted:  January 7, 2009       Decided:  February 20, 2009

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore,
Maryland, for Appellant.  James Thomas Wallner, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar Prilliman, a/k/a Block, appeals his conviction and 252-month sentence for conspiracy to distribute cocaine, cocaine base, and heroin, from 1998 through the date of the indictment in 2006, in violation of 21 U.S.C. § 841(a)(1). Prilliman pled guilty pursuant to a written plea agreement that stipulated, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that a sentence within the range of 235 to 293 months' imprisonment was appropriate. Prilliman's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 739 (1967). Although concluding that there are no meritorious issues for appeal, counsel questions whether Prilliman's guilty plea was valid and whether his sentence is reasonable. Prilliman has filed a pro se supplemental brief in which he argues that the charge to which he pled guilty was not supported by a sufficient factual basis and was barred by the applicable statute of limitations, his counsel was ineffective in negotiating a plea agreement because there was not sufficient evidence against him, and his sentence was not reasonable. The Government declined to file a brief. After a careful review of the record, we affirm.

I.

"A defendant has no absolute right to withdraw a guilty plea." United States v. Bowman, 348 F.3d 408, 413 (4th

Cir. 2003) (internal citation and quotation marks omitted). Once the district court has accepted a defendant's guilty plea, it is within the court's discretion whether to grant a motion to withdraw it. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). The defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In deciding whether to permit a defendant to withdraw his guilty plea, a district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)) (footnote omitted).

However, an appropriately conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding." Lambey, 974 F.2d at 1394; see also United States v.

Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). In this case, the district court's properly conducted Rule 11 proceeding raises "a strong presumption" that Prilliman's plea should be considered final and binding, and the district court did not abuse its discretion by denying his motion to withdraw his plea. At the Rule 11 hearing, the district court informed Prilliman of the nature of the charge to which he was pleading guilty and the sentencing range that he would be subject to under the plea agreement, and advised him of the rights he was waiving by pleading guilty. The court heard the Government's summary of the factual basis for the plea and Prilliman indicated that he agreed with the Government's summary and was in fact guilty of the charge as described.

Prilliman moved to withdraw his plea after he had been sentenced, but before the district court entered a commitment order. At the hearing on the motion to withdraw the plea, the district court properly considered the Moore factors and found that Prilliman had not offered credible evidence that his plea was not knowing or voluntary or that he was legally innocent, that the delay between the plea and the motion was substantial, that Prilliman had close assistance of competent counsel, and that withdrawal of his plea would prejudice the Government and waste judicial resources. Prilliman's arguments for withdrawing his plea essentially reflected his dissatisfaction with the

4

sentence he received, rather than a legitimate contention that his guilty plea was not knowing and voluntary.

## II.

Prilliman has not shown that the district court plainly erred by sentencing him based in part upon factual determinations that he disputes for the first time on appeal in a conclusory fashion. Prilliman's sentence was within the properly calculated advisory guidelines range and the district court extensively considered the § 3553(a) factors.

## III.

Prilliman's claims that the charge to which he pled guilty was not supported by a sufficient factual basis and was barred by the statute of limitations are patently meritless. Prilliman did not contest the Government's factual summary of his drug trafficking activities at the Rule 11 hearing and expressly admitted that he took part in the conduct that was described. Because the indictment charged that his drug trafficking activity continued up until the date when he was charged, an allegation that Prilliman never disputed in the district court, his conduct does not fall outside the statute of limitations.

Prilliman primarily claims that he received ineffective assistance of counsel because his counsel negotiated a plea agreement despite the lack of evidence for the charges he faced. We may address on direct appeal a claim that counsel was ineffective only if the ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). In this case, the record does not reflect a lack of evidence to support the charge to which Prilliman pled guilty, and there is no conclusive indication from the record that Prilliman's counsel did not properly evaluate the evidence against Prilliman when he negotiated the plea agreement.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny Prilliman's motion to withdraw, relieve, or substitute counsel, and his motion for summary remand. This court requires that counsel inform Prilliman, in writing, of the right to petition the Supreme Court of the United States for further review. If Prilliman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Prilliman.

6

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>